**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,** | **Crim. No. 20-77 (SRN/BRT)** |
| **Plaintiff,** | |
| v. | **ORDER** |
| **Jeffrey Colin Purdy,** | |
| **Defendant** | |

LeeAnn Bell, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Jeffrey Colin Purdy, VOA, 2825 E. Lake St., Minneapolis, MN 55406, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

Pending before the court is Defendant Jeffrey Colin Purdy's Pro Se Rule 36 Motion [Doc. No. 396] in which he seeks to correct the Court's Order of April 30, 2026 [Doc. No. 395].

Federal Rule of Criminal Procedure 36 allows for the correction of clerical errors in a judgment, order, or other part of the record, or the correction of an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. There is nothing to correct here. As the Court has previously explained, and the Eighth Circuit has affirmed, Mr. Purdy is not entitled to relief. (*See* Jan. 29, 2025 Order [Doc. No. 369], *aff'd* Feb. 26, 2025 8th Cir. J. [Doc. No. 383]; Apr. 30, 2026 Order.)

Mr. Purdy sought a retroactive adjustment of his criminal history category based on Amendment 821 to the U.S. Sentencing Guidelines, even though at the time he filed the motion, he had completed serving the custodial portion of his 60-month original sentence. (Def.'s Amend. 821 Mot. [Doc. No. 347].)

In general, once a sentence is imposed, it remains final and undisturbed. 18 U.S.C. § 3582(b). Congress created a limited exception to this general rule for circumstances in which the U.S. Sentencing Commission retroactively amends the applicable guidelines:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, *the court may reduce the term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Amendment 821 changed the application of the Sentencing Guidelines with respect to offenders who either (a) earned criminal history "status points" for committing their offenses while under supervision for a criminal justice sentence, or (b) had zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821, Parts A & B. For offenders who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. It generally authorizes a district court to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." U.S.S.G. § 1B1.10. A

2

defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). After Mr. Purdy had been released from the custodial portion of his sentence, he requested a recalculation and reclassification of his criminal history based on the change regarding status points, arguing that application of Amendment 821 placed him in a lower criminal history category.

Section 3582(c)(2) makes clear that the scope of available relief for a qualifying Sentencing Commission change such as Amendment 821 is a reduced sentence. 18 U.S.C. § 3582(c)(2). Retroactive relief is unavailable under Amendment 821 for a completed sentence. (Jan. 29, 2025 Order at 1) (citing U.S.S.G. § 1B1.10(b)(2)(C) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant *has already served*.") (emphasis added); *see also United States v. Vazquez-Serrano*, No. 16-CR-3049-WJ, 2025 WL 1827263, at *2 (D.N.M. July 2, 2025) (denying relief based on Amendment 821 because defendant was not currently incarcerated for either of his federal convictions and "an inmate released from prison can no longer seek refuge in § 3582(c)(2)."); *United States v. Avalos-Gallegos*, No. CR 5:19-019-DCR, 2024 WL 1403073, at *2 (E.D. Ky. Apr. 1, 2024) (["Defendant] cannot benefit from the changes effected by Amendment 821 . . . because he has completed serving his original custodial sentence in that matter."); *United States v. Pitts*, No. 2:16cr23-MHT, 2024 WL 195957, at *1 (M.D. Ala. Jan. 18, 2024) ("[Defendant] is not eligible to receive a reduction in sentence pursuant to Amendment 821 because he finished serving his custodial sentence in 2021,

and granting a reduction would result in a sentence lower than what he has already served, which is prohibited under the applicable guideline.")

As the Court has previously explained, Mr. Purdy could not avail himself of the change regarding status points because he had already served the custodial portion of his original sentence at the time he sought relief under Amendment 821.   The Eighth Circuit has summarily affirmed this Court's ruling on this issue.  (8th Cir. J. [Doc. No. 383].) Thus, Mr. Purdy is not entitled to relief under Federal Rule of Criminal Procedure 36 to correct a clerical error or error in the record resulting from oversight or omission because there is no such error.

Accordingly, based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Pro Se Rule 36 Motion [Doc. No. 396] is **DENIED**.


Dated: May 7, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge